IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JACK DANIEL CONNER, on behalf of                                        PLAINTIFF
J.B.C., a minor

V.                          CASE NO. 3:18-CV-03104

CHARLES RICHARD HURLEY and
DOUGLAS EUGENE NIENDICK                                                DEFENDANTS

ORDER

Plaintiff Jack Daniel Conner, on behalf of J.B.C., a minor, filed his Complaint on October 3, 2018, *pro se*. The mailing address he provided in the Complaint was 68 California Lane, Theodocia, MO 65761 (Doc. 1). Along with the Complaint, he filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3), which was granted by text-only Order (Doc. 5) on December 4, 2018. After the Court screened Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2), service was effected upon Defendant Charles Richard Hurley. Service was also attempted upon Defendant Douglas Eugene Niendick, but the summons and Complaint were returned, marked "unable to forward." (Doc. 14). Plaintiff did not provide the Court with a new address for Mr. Niendick.

On November 7, 2018, Defendant Hurley filed a Motion to Dismiss the Complaint (Doc. 11) and Brief in Support (Doc. 12). Thereafter, on November 8, 2018, the Court issued its Initial Scheduling Order (Doc. 13), which directed the parties to, among other things: (1) exchange initial disclosures and produce core discovery documents, (2) jointly conduct a Rule 26(f) conference by November 29, 2018, and (3) file with the Court a joint Rule 26(f) Report by December 13, 2018. The Clerk of Court mailed a copy of the Initial

1

Scheduling Order to Plaintiff at the address he provided, and no mail was returned as undeliverable.

On December 13, 2018, the date the Joint Rule 26(f) Report was due, Defendant Hurley's counsel filed a unilateral Report (Doc. 15). In that Report, counsel states that he attempted to contact Plaintiff at his mailing address by mailing him a letter (Doc. 15-1) via U.S. First Class Mail and by U.S. Mail Certified-Return-Receipt. Counsel further states that he tracked the certified letter, and as of December 13, it remained unclaimed. Plaintiff has had no contact with Defendant's counsel at any time, and he has had no contact with the Court since the Complaint was filed. Plaintiff also failed to file a response to the Motion to Dismiss.

Under these circumstances, the Court finds that Plaintiff has not complied with the Initial Scheduling Order (Doc. 13). He has not sought an extension of time to comply. He has not contacted the Court or defense counsel in any way, and no mail addressed to Plaintiff by the Court has been returned as undeliverable. The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to either prosecute or defend the action diligently. Here, Plaintiff has failed to prosecute his case, and, pursuant to Rule 41(b), his Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

2

**IT IS SO ORDERED** on this 21st day of December, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3